UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| BETH ZILBERT and MICHAEL TRITCO | : | CIVIL ACTION NO. 2:11-CV-862 |
| V. | : | JUDGE MINALDI |
| SASOL NORTH AMERICA, INC., ET AL. | : | MAGISTRATE JUDGE KAY |

MEMORANDUM ORDER

Before the court is a Motion to Remand [doc.16] filed by plaintiffs Beth Zilbert and Michael Tritco. This motion is opposed by the defendant, Sasol North America, Inc, et al. (Sasol). Doc. 23. For the reasons set forth herein, the plaintiffs' motion to remand is **DENIED.**

*Background*

The sole issue currently before the court concerns the domicile of one of the named defendants in this suit: Wendell Richard Rogers.

The instant suit was filed on May 18, 2011, in the 14th Judicial District Court, Parish of Calcasieu, State of Louisiana, by plaintiffs Beth Zilbert and Michael Tritco. Doc. 1, p. 1. The petition alleged violations of La. R.S. section 15:1351, et seq.; otherwise known as the Louisiana Racketeering Act. Doc. 1, att. 2, p. 1. Specifically, the petition alleges that the plaintiffs do work for various environmental advocacy groups (e.g. Greenpeace, C.L.E.A.N.), and while engaged in campaign work focusing on the production of dioxin from various industries in Lake Charles, Louisiana, some of the plaintiffs work targeted the defendant, Sasol. *Id.* at 1-3. The plaintiffs allege that as a result of this campaign, Sasol engaged in "unlawful surveillance

activity against Plaintiffs and their environmental organizations." *Id.* at 4. As part of this "unlawful surveillance," the plaintiffs allege that Wendell "Dick" Rogers served as an "undercover operative," who was hired to "infiltrate" one of the environmental organizations. *Id.* at 3, 5. Dick Rogers is a named defendant in this suit and the plaintiffs contend that he is a resident of Louisiana. *Id.* at 3.

On June 9, 2011, Sasol removed this case to federal court. Doc. 1. In doing so, Sasol alleged complete diversity of citizenship between the plaintiffs, who are both citizens of Louisiana, and all named defendants, including Dick Rogers. Doc. 1, p. 2-4. In the removal notice and accompanying declaration by Dick Rogers, it is contended that Dick Rogers is a domiciliary of the State of Texas. Doc. 1, p. 4; doc.1, att. 8, p. 1. In Dick Rogers' declaration, executed June 8, 2011, he declares "under penalty of perjury" that his "current domicile is 167 Rainbow Drive, Box 6795, Livingston, TX 77399" and that he established his current domicile in September 2001. Doc. 1, att. 8, p. 1-2. Further, Dick Rogers states that he intends to remain domiciled in Texas and has no intention of establishing a domicile in Louisiana. *Id.*

On July 12, 2011, the plaintiffs filed a motion to remand this case to state court. Doc. 16. In the supporting memorandum, the plaintiffs argue that Sasol has erroneously contended that Dick Rogers is a Texas domiciliary. Doc. 16, att. 2, p. 1. Plaintiffs argue that Dick Rogers is, in fact, a Louisiana domiciliary and requested limited discovery to gain additional facts to support this argument. *Id.*; doc. 17. On August 15, 2011, this court granted plaintiffs' request for limited discovery, with the deadline for completion being September 30, 2011. Doc. 24. Subsequently, this court set deadlines for supplemental briefing regarding the motion to remand. Doc. 34. No supplemental briefs were filed by either party.[1]

---

[1] It should be noted that there is a companion case to this one, in which jurisdictional discovery was likewise granted on this very same issue. *See Cox, Cox, Filo, Camel, Wilson, LLC v. Sasol North America, Inc.*, No. 2:11-cv-856.

*Law and Analysis*

Federal Courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). They possess only that power authorized by Constitution and statute. *Id.* Congress has bestowed original jurisdiction in federal district courts for all civil matters where the parties are citizens of different states and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332. Civil actions that are filed in state court may be removed to federal court, by a defendant, if the conditions set forth in section 1332 are met. *See* 28 U.S.C. § 1441.

The issue currently before the court is whether the parties are completely diverse.

The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). When diversity of the parties is at issue, it must be shown by a preponderance of the evidence that diversity existed when the action was commenced, and also, at the time of removal. *See Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 804, 813 (5th Cir. 2007); *Coury v. Prot*, 85 F.3d 244, 251 (5th Cir. 1996). Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand. *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

While state law may provide guidance, the question of a person's domicile is a matter of federal common law. *Acridge v. Evangelical Lutheran Good Samaritan Soc'y*, 334 F.3d 444, 448 (5th Cir. 2003) (citing *Coury*, 85 F.3d at 248; 15 *Moore's Federal Practice* § 102.34(3)(a) (3d ed. 2001)). A person acquires a "domicile of origin" at birth, and this domicile is presumed to continue absent sufficient evidence of change. *Id.* (citing *Palazzo v. Corio*, 232 F.3d 38, 42

---

Supplemental briefing, on the domicile of Dick Rogers was submitted that case. In the companion case this court found domicile for diversity purposes to be the State of Texas. *See* No. 2:11-cv-856, doc. 60.

(2d Cir. 2000)).  There is a presumption of continuing domicile that applies whenever a person relocates.  *Id.* (citing *Coury*, 85 F.3d at 250).  In order to defeat the presumption and establish a new domicile the person must demonstrate both (1) residence in a new state, and (2) an intention to remain there indefinitely.  *Id.*  There is no durational residency requirement in the establishment of domicile; once presence in the new state and intent to remain are met, the new domicile is instantaneously established.  *Id.* (citing 15 *Moore's* § 102.34(3)(a)).

In the present case, Dick Rogers has submitted a sworn declaration that states that he has left Louisiana (in 2001) and become a resident of Texas, where he intends to remain indefinitely.  This statement demonstrates to this court that Dick Rogers has established a new domicile and should only be disregarded if the objective facts indicate otherwise.  *See Coury*, 85 F.3d at 251.

The only information given by plaintiffs to suggest the domicile of Dick Rogers is something other than that stated by defendants in the Notice of Removal is a statement made in their memorandum in support of the Motion to Remand, i.e. that "[d]efendant, Rogers was served with the instant suit on June 7, 2011 at his home located at 249 Frazier Street in Lake Charles, Louisiana."  Doc. 16, Att. 2, p. 1.  They have come forward with no documents or other evidence that would contradict Dick Rogers' sworn statement that he lives in Texas and intends to remain there indefinitely.

Therefore, this court finds that Dick Rogers has established a residence in Texas and intends to remain there indefinitely.  Dick Rogers is thus a domiciliary of the state of Texas.  As such, the parties in this suit are completely diverse and this court has jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441.  The plaintiffs' motion to remand [doc. 16] is **DENIED.**

*Conclusion*

For the foregoing reasons, it is determined that is court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441.  Therefore, plaintiffs' Motion to Remand [doc. 16] is hereby **DENIED**.

THUS DONE this 7th day of March, 2012.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE