RECEIVED
IN LAKE CHARLES, LA.

MAY 29 2012

TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| BETH ZILBERT and MICHAEL TRITICO, Plaintiffs | : | DOCKET NO. 2:11 CV 00862 |
| VS. | : | JUDGE MINALDI |
| SASOL NORTH AMERICA, INC. et al. | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Presently before the court are Motions to Dismiss (Rec. Docs. 10 and 12), or in the alternative, to Transfer, filed by the defendants. No timely opposition has been filed.[1]

### RULE 12(b)(1) & 12(b)(6) STANDARD

A motion to dismiss for lack of standing is properly brought under Federal Rule of Civil Procedure 12(b)(1). *See e.g., Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The burden of proof rests upon the party seeking jurisdiction. *Id.* A Rule 12(b)(1) motion should be granted "only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Id.*

The defendants also move pursuant to 12(b)(6), which challenges the sufficiency of a plaintiff's allegations. Fed. R. Civ. P. 12(b)(6). When ruling on a 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and construes all reasonable inferences in a light most favorable to the plaintiff or nonmoving party. *Gogreve v. Downtown Develop. Dist.*, 426 F. Supp.2d

---

[1] The Motions to Dismiss were filed on July 1, 2011 and July 6, 2011, respectively. No opposition was filed. A Motion to Remand was filed on July 12, 2011 (Rec. Doc. 16). The remand was denied on March 7, 2012 (Rec. Doc. 35). Still no opposition to the motion to dismiss was filed.

383, 388 (E.D. La. 2006). To avoid dismissal under a Rule 12(b)(6) motion, plaintiffs must plead enough facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965. Accordingly, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*

## FACTS

The defendant, Sasol North America Inc. ("Sasol"), is a producer and marketer of a wide array of chemical products. It is based in Houston, Texas. The defendant, Peter Markey ("Markey"), was an employee of Sasol during the time period relevant to the Complaint (1998-1999). The plaintiffs, Beth Zilbert and Michael Tritico (collectively, "Plaintiffs"), have included Sasol and Markey as defendants in this litigation on the basis of the allegation that Sasol hired a private security firm, Beckett Brown International ("BBI"), the employees of which in turn allegedly engaged in two types of actions: (1) obtaining materials that Plaintiffs had thrown away into trash containers; and (2) conducting non-invasive surveillance. The alleged purpose of these two actions was to gather information about ongoing environmental protest campaigns that various environmental groups were running in the late 1990s against Sasol and others concerning purported pollution in Lake Charles, Louisiana. *See* Compl. ¶ 6. The period of time in which such conduct is alleged to have occurred is from mid-1998 to 1999 – over eleven (11) years ago. *Id.* ¶ 8.

### Law

The plaintiffs assert a claim under §1356(d) of the Louisiana Racketeering Act, alleging predicate acts of theft and simple burglary in addition to racketeering conspiracy. The defendants

argue that this claim should be dismissed under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) for, respectively, lack of standing and failure to state a claim upon which relief may be granted.

First, the defendants asserts that the plaintiffs have failed to allege a single tangible injury to their "business or property" proximately caused by any alleged racketeering violation and, thus, lack standing to bring this civil racketeering claim.

There is little Louisiana jurisprudence regarding the Louisiana Racketeering Act and state courts have noted that Louisiana racketeering laws are modeled upon federal "RICO" legislation.[2] Because of the parallel between the RICO and Louisiana's statutes, federal decisions in this area are persuasive. *State v. Touchet,* 759 So.2d 194, 197 (La.App. 3 Cir. 2000).

To have standing to establish a RICO conspiracy a plaintiff must allege an injury from an act that is independently wrongful under RICO.[3] Injury caused by acts that are not racketeering activities or otherwise wrongful under RICO will not establish a viable civil RICO claim.[4]

18 U.S.C. § 1964(c), provides that "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter may sue ... in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee." Personal injuries and monetary losses flowing from those injuries have been held insufficient to support a claim under §1964(c). *Evans v. City of Chicago,* 434 F.3d 916, 930 (7th Cir.2006) ( "personal injuries, and the pecuniary losses flowing from those injuries, are

---

[2] Racketeer Influenced and Corrupt Organizations Act, codified at 18 U.S.C. § 1961, *et seq.*

[3] *Beck v. Prupis,* 529 U.S. 494, 505, 120 S.Ct. 1608, 146 L.Ed.2d 561 (2000).

[4] *Id.*

3

insufficient to establish standing under the civil RICO, § 1964(c)"); see also *Oscar v. Univ. Students Co-op. Ass'n,* 965 F.2d 783, 785 (9th Cir.1992) (en banc) ("injuries to property are not actionable under RICO unless they result in tangible financial loss to the plaintiff" and "personal injuries are not compensable under RICO"). Injury to mere expectancy interests or to an "intangible property interest" is not sufficient to confer RICO standing. *Price v. Pinnacle Brands, Inc.,* 138 F.3d 602, 607 (5th Cir. 1998). Rather, "[t]o demonstrate injury for RICO purposes, plaintiffs must show proof of concrete financial loss." *Chaset,* 300 F.3d at 1086–87; *Regions Bank v. J.R. Oil Co.,* 387 F.3d 721, 728–29 (8th Cir.2004) (same); see also *Patterson v. Mobil Oil Corp.,* 335 F.3d 476, 492 n. 16 (5th Cir.2003) (A plaintiff lacks RICO standing "unless he can show concrete financial loss."). *Adell v. Macon County Greyhound Park, Inc.,* 785 F.Supp.2d 1226, 1237 (M.D.Ala. 2011).

The complaint in the instant case alleges:

> "...BBI accounting records show that BBI spent hundreds of hours collecting and analyzing information about CLEAN, MEAN, Greenpeace, and individual plaintiffs Zilbert and Tritico through the use of surreptitious and deceitful methods of data collection including but not limited to: pilfering documents awaiting private trash and recycling collection, placing undercover operatives within groups, using false pretenses to case offices, procuring phone records, and infiltrating meetings and electronic mail networks. These illegal actions were taken with the intention of preempting, blunting, or thwarting the environmental organizing work and proposed environmental clean-up of Lake Charles, Louisiana area and estuary. The general purpose of the Defendants' collective actions was to anticipate and frustrate Plaintiffs' public education and community awareness campaigns, fundraising plans and otherwise undermine Plaintiffs' business...". ¶ 15

This allegation does not describe a concrete financial loss, but merely an alleged loss of an unspecified intangible right or opportunity.

The defendants submit that there are no allegations that a protest actually was thwarted or that a campaign actually was suspended or materially affected. Instead, the plaintiffs allege only lost

opportunities and interference with their intangible right to engage in public education and protest. Such lost opportunities have none of the hallmarks of the conclusive financial loss necessary to qualify as a RICO injury because quantifying it would require "extensive speculation" rather than "the calculation of present, actual damages." *In re Taxable Mun. Bond Secs. Litig.*, 51 F.3d at 523; *see also.*

Moreover, the defendants assert that the complaint alleges injuries to the work of environmental groups – *not* to the plaintiffs Zilbert or Tritico, individually. In order to establish standing to bring a RICO claim, Plaintiffs must allege an injury to *their* property or business. 18 U.S.C. § 1962(c). The Supreme Court has repeatedly held that the injury alleged must be a direct injury, not a derivative one. *See, e.g., Hemi Group, LLC v. City of New York*, 130 S. Ct. 983, 989 (2010) (standing requires "'some direct relation between the injury asserted and the injurious conduct alleged'" quoting *Holmes*, 503 U.S. at 271); *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 460 (2006) ("There is no need to broaden the universe of actionable harms to permit RICO suits by parties who have been injured only indirectly.").

The complaint fails to allege a cognizable injury sufficient to confer standing. Accordingly, the motion to dismiss will be granted.[5]

Lake Charles, Louisiana, this 25 day of May, 2012.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[5] Because the court finds there is no standing, there is no jurisdiction and the court will grant the Motion to Dismiss pursuant to Rule 12(b)(1). The court need not discuss the remaining 12(b)(6) arguments.